UNITED STATES of America, Plaintiff—Appellee,

v.

Marciano ROMERO–VASQUEZ, Defendant—Appellant.

No. 02–10646.

D.C. No. CR–02–01116–CKJ.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Anne E. Mosher, Nathan D. Leonardo, Evo A. DeConcini, Tucson, AZ, for Plaintiff–Appellee.

resentencing.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

208

Javier Chon-Lopez, Asst. Fed. Pub. Def., Tucson, AZ, for Defendant–Appellant.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Marciano Romero–Vasquez appeals the sentence imposed following his guilty plea to illegal re-entry after deportation in violating 8 U.S.C. § 1326(a). Romero–Vasquez challenges the district court's denial of his request for a downward departure based on "savings to the government." He argues that the denial was erroneous because the district court believed it lacked authority to grant such a departure where the government has not consented to the departure in a plea agreement. We do not read the district court's comments during the sentencing hearing as indicating that it believed it lacked the authority to depart based on savings to the government—authority that both defense counsel and the Pre–Sentence Report indicated, without objection from the government, the district court possessed. Because a discretionary denial of a downward departure is unreviewable, *United States v. Davoudi,* 172 F.3d 1130, 1133 (9th Cir.1999), this appeal is

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).